THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WASICA FINANCE GMBH AND BLUEARC FINANCE AG,<br><br>  Plaintiffs,<br><br>  v.<br><br>SCHRADER INTERNATIONAL, INC. AND SCHRADER-BRIDGEPORT INTERNATIONAL, INC.,<br><br>  Defendants. | C.A. No. 13-1353-LPS<br><br>**JURY TRIAL DEMANDED** |

**THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs, Wasica Finance GmbH and BlueArc Finance AG file this Third Amended Complaint and demand for jury trial seeking relief for patent infringement by Defendants Schrader International, Inc. and Schrader-Bridgeport International, Inc. (collectively, "Schrader" or "Defendants").  Plaintiffs state and allege the following:

**BACKGROUND**

1.  Wasica Finance GmbH is a Swiss company with a place of business at Schwanderstrasse 27, 6063 Stalden, Switzerland.  Mr. Karl Leemann is the primary owner of Wasica Finance GmbH.

2.  BlueArc Finance AG is a Swiss company with a place of business at Schwanderstrasse 27, 6063 Stalden, Switzerland.  Mr. Heinz Ruchti is the primary owner of BlueArc Finance AG.

3.  During the early 1990s, Mr. Leeman and Mr. Ruchti owned Uwatec AG, a Swiss company in the business of manufacturing and selling scuba diving products.  During that time, Uwatec engaged Mr. Markus Mock and Mr. Ernst Vollm to develop technology for the scuba

diving business. While working on that assignment, Messrs. Mock and Vollm conceived of an Invention relating to monitoring the air-pressure in pneumatic tires on vehicle wheels. Mr. Mock and Mr. Vollm assigned their patent rights in the Invention to Uwatec AG, which applied for patents on the Invention in multiple jurisdictions including the United States. On February 11, 1997, the U.S. Patent and Trademark Office issued U.S. Patent No. 5,602,524 to Messrs. Mock and Vollm for the Invention. Later, Messrs. Leeman and Ruchti sold Uwatec AG. As part of that transaction, the patent rights to the Invention were assigned to Messrs. Leeman and Ruchti. Messrs. Leeman and Ruchti formed Wasica Finance GmbH and BlueArc Finance AG to own and hold their respective patent rights in the Invention, including the '524 patent.

4. On information and belief, Defendant Schrader International, Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 9635 Maroon Circle, Suite #420, Englewood, Colorado 80112.

5. On information and belief, Defendant Schrader-Bridgeport International, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 9635 Maroon Circle, Suite 420, Englewood, Colorado 80112.

6. On information and belief, Schrader is a major manufacturer and seller of tire pressure monitoring systems. Schrader reports that over 200 million of its tire sensors were in operation world-wide as of 2012. Schrader sells its tire pressure monitoring sensors and equipment in both the OEM and Aftermarket channels.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Schrader because it regularly conducts business in the State of Delaware and therefore has substantial and continuous contacts within this judicial district; because it has purposefully availed itself to the privileges of conducting business in this judicial district; and/or because it has committed acts of patent infringement in this judicial district.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

10. On information and belief, Schrader has placed infringing products into the stream of commerce by shipping those products into this judicial district and/or by knowing that such products would be shipped into this judicial district. On information and belief, Schrader's established distribution network distributes accused products directly into this judicial district.

## THE '524 PATENT

11. On February 11, 1997, United States Patent No. 5,602,524 ("the '524 patent") entitled "Device for Monitoring and the Air-Pressure in Pneumatic Tires Fitted on Vehicle Wheels" was duly and legally issued by the United States Patent and Trademark Office. Plaintiffs own the '524 patent by assignment. A true and correct copy of the '524 patent is attached as Exhibit A. The '524 patent expired on February 14, 2014.

12. The '524 patent relates to tire pressure monitoring systems ("TPMS") used to monitor the pressure in automobiles and other vehicles. Low tire pressure can lead to tire failure, often a tire blowout, that poses serious danger to vehicles and their occupants. In addition, low tire pressure can result in increased fuel consumption and shortened tire life. As a result, Congress has mandated that all passenger vehicles weighing less than 10,000 pounds be equipped with a TPMS to warn drivers of under-inflated tires.

13. On information and belief, Schrader has had knowledge of the '524 patent based on its prior dealings with Plaintiffs since at least July 29, 2007.

## SCHRADER'S TPMS EQUIPMENT

14.     On information and belief, from at least 2007 through 2014, Schrader has made, used, sold, and offered for sale, and imported into the United States, TPMS equipment capable of transmitting and/or receiving signals using electromagnetic waves of constant frequency acting as carrier waves (e.g., using amplitude-shift keying and/or pulse-width modulation), which include, but are not limited to, Schrader's EZ-Tire/EZ-Sensors and TPMS Sensors (collectively, Schrader's "TPMS/EZ Sensors"), and Schrader's TPMS Receivers. "Schrader's TPMS Equipment" refers collectively to Schrader's TPMS/EZ Sensors and TPMS Receivers.

15.     On information and belief, the following table identifies Original Equipment Manufacturer Part Numbers for exemplary Schrader TPMS Sensors (the corresponding Schrader Part Numbers may be found in *Schrader Tire Pressure Monitoring Systems April 2016 Sensor & Service Pack Application Catalog*, attached as Exhibit B):

| | | | |
|---|---|---|---|
| 425 0B 877 | 15114379 | 31200923 | 13586335 |
| MN103081 | 25773946 | 40700-CD001 | 20922900 |
| 56029319AC | 15136883 | 28103AG00A | 20923680 |
| 56029479AB | 15122618 | 5L1ZA150AB | 13589255 |
| 56029319AC | 25774006 | 43130-86Z20 | 43130-85Z03 |
| 56029481AB | 15921013 | 52088990AC | 43130-85Z00 |
| 56029398AB | 15268606 | 4L2T1A150BA | |
| 20964159 | 43130-78J10 | 52088990AC | |
| 20925924 | 56029400AE | MN103033 | |
| DE8T-1A180-AA | 000 905 4100 | 86517000 | |
| 9L3Z-1A-189A | 40700-CK002 | 12768826 | |
| CM5T-1A150AA | 40700-CK001 | 22853741 | |
| SP000437 | 4250A030 | 22854866 | |
| 52933-2V000 | 425 0B 875 | 25799331 | |
| 13172567 | 43130-54J21 | 25920615 | |
| 13227143 | 28103AG01C | 13581558 | |

16.     On information and belief, Schrader's TPMS/EZ Sensors were mounted on vehicle wheels by third parties, including Schrader's customers and end users of the Sensors. By

4

way of example, these vehicles included various models that were made, used, sold or offered for sale, or imported into the United States between 2007 and 2014, including Buick (e.g., Allure and Enclave), Cadillac (e.g., SRX and STS), Chevrolet (e.g., Camaro and Equinox), Chrysler (e.g., Town and Country and Crossfire), Dodge (e.g., Dakota and Ram), Fiat (e.g., 500), Ford (e.g., Expedition and Mustang), GMC (e.g., Envoy and Yukon), Hummer (e.g., H2), Hyundai (e.g., Veloster), Infiniti (e.g., QX56), Jeep (e.g., Grand Cherokee and Liberty), Lincoln (e.g., Aviator and Navigator), Mercedes (e.g., E-Class), Mercury (e.g., Monterey and Mountaineer), Mitsubishi (e.g., Eclipse and Galant), Nissan (e.g., Frontier and Maxima), Pontiac (e.g., G8 and Grand Prix), Saab (e.g., 9-3 and Astra), Saturn (e.g., Outlook and Reno), Subaru (e.g., Forester and Impreza), Suzuki (e.g., Verona and Forenza), Volkswagen (e.g., Routan), and Volvo (e.g., S60 and XC90).

17. On information and belief, Schrader's TPMS/EZ Sensors were capable of measuring the air pressure in the air chambers of the vehicle wheels and outputting electrical pressure signals representative of the air pressure in the vehicle wheels.

18. On information and belief, Schrader's TPMS/EZ Sensors were capable of sending out pressure transmitting signals corresponding to the air pressures.

19. On information and belief, Schrader's TPMS/EZ Sensors were capable of converting and digitally coding the transmitted signals.

20. On information and belief, Schrader's TPMS/EZ Sensors were capable of controlling the emittance of the pressure transmitting signals and generating identification signals that were unique for the TPMS/EZ Sensors and clearly identifying them.

21. On information and belief, Schrader's TPMS/EZ Sensors were capable of transmitting the identification signals at least once before or after emitting the pressure transmitting signals.

22. On information and belief, Schrader's TPMS Receivers and/or third-party receivers were configured by the previously identified third parties to work with Schrader's TPMS/EZ Sensors, and were mounted at a distance from the vehicle wheels and capable of receiving the pressure transmitting signals transmitted from Schrader's TPMS/EZ Sensors.

23. On information and belief, Schrader's TPMS Receivers and/or third-party receivers included memory capable of storing identification reference signals related to the associated Schrader TPMS/EZ Sensors in accordance with predetermined relationship criteria.

24. On information and belief, Schrader's TPMS Receivers and/or third-party receivers were capable of further checking if identification signals transmitted from Schrader's TPMS/EZ Sensors had the relationship criteria to the identification reference signals stored in the Schrader TPMS Receivers and/or third-party receivers, and allowing further processing of the pressure transmission signals taken from the Schrader TPMS Receivers and/or third-party receivers only if the identification signals received by the Schrader TPMS Receivers and/or third-party receivers and the identification reference signals stored in those receivers fulfilled the relationship criteria.

25. On information and belief, the identification reference signals stored in Schrader's TPMS Receivers and/or third-party receivers were changeable so that the identification signals from the associated Schrader TPMS/EZ Sensor matched the identification reference signal of the Schrader TPMS Receiver and/or third-party receiver.

26. On information and belief, Schrader's TPMS Receivers and/or third-party receivers could switch over from normal operating modes, in which the air pressures were monitored, to pairing modes, in which the receivers collected the identification signals of the Schrader TPMS/EZ Sensors and stored them as identification signals.

27. On information and belief, the previously identified third parties connected display devices to Schrader's TPMS Receivers and/or third-party receivers that were capable of displaying data as numbers or symbols that were taken from the pressure transmitting signals received from Schrader's TPMS/EZ Sensors.

## COUNT I
**(Patent Infringement by Active Inducement)**

28. Plaintiffs restate and reallege the preceding paragraphs of this Complaint.

29. On information and belief, Schrader has indirectly infringed at least claim 6 of the '524 patent by inducing others, including Schrader's customers and end users of Schrader's TPMS Equipment, to directly infringe claim 6 by making, using, selling, offering for sale, and importing into the United States vehicles that incorporated Schrader's TPMS/EZ Sensors and/or Schrader's TPMS Receivers as recited in claims 1, 2 and 6 of the '524 patent.

30. On information and belief, Schrader intentionally took actions that induced Schrader's customers and end users of Schrader's TPMS Equipment to infringe at least claim 6 of the '524 patent based on agreements, programming equipment, instructions, documentation, and marketing materials from Schrader. For example, Schrader supplied customers and end users of Schrader's TPMS Equipment with user's manuals and support that instructed these individuals how to incorporate Schrader's TPMS Equipment into vehicles with knowledge that such a configuration in accordance with their instructions infringed at least claim 6 of the '524 patent.

31. On information and belief, Schrader has known of the '524 patent since at least July 29, 2007, and has induced infringement from that time until the expiration of the '524 patent.

32. On information and belief, Schrader's actions demonstrate an intent not only to have caused the acts that form the basis of the direct infringement, but also that it did so with the specific intent to infringe the '524 patent. At a minimum, Schrader's conduct demonstrates that Schrader either knew or should have known that the actions of its customers and/or end users infringed at least claim 6 of the '524 patent.

33. Plaintiffs have been damaged as the result of Schrader's infringement.

## COUNT II
### (Contributory Patent Infringement)

34. Plaintiffs restate and reallege the preceding paragraphs of this Complaint.

35. On information and belief, Schrader has also contributed to the infringement of at least claim 6 the '524 patent by others, including Schrader's customers and the end users of Schrader's TPMS Sensors, by making, offering for sale, selling and/or importing into the United States Schrader's TPMS Sensors. For example, on information and belief, Schrader's customers and/or the end users have incorporated Schrader's TPMS Sensors into vehicles using programming equipment, instructions, documentation, and marketing materials provided by Schrader. Schrader's TPMS Sensors were then integrated into vehicles to directly infringe at least claim 6 of the '524 patent.

36. On information and belief, Schrader's TPMS Sensors had no substantial noninfringing uses. Further, Schrader's TPMS Sensors constituted a material part of the inventions claimed in the '524 patent because they constituted the "pressure measuring device,"

the "transmitter," the "emitter-control device," and/or the "converter device," recited in claims 1, 2 and 6 of the '524 patent.

37. On information and belief, Schrader knew that its TPMS Sensors were especially made or adapted for use in a manner that would infringe at least claim 6 of the '524 patent.

38. Plaintiffs have been damaged as the result of Schrader's contributory infringement.

## COUNT III
### (Willful Patent Infringement)

39. Plaintiffs restate and reallege the preceding paragraphs of this Complaint.

40. On information and belief, Schrader's infringement of at least claim 6 of the '524 patent has been willful and merits increased damages.

41. On information and belief, Schrader has known that its activities concerning Schrader's TPMS Equipment indirectly infringed at least claim 6 of the '524 patent since at least July 29, 2007.

42. On information and belief, Schrader has made no attempt to design around claim 6 of the '524 patent.

43. And, on information and belief, Schrader did not have a reasonable basis for believing that claim 6 of the '524 patent was invalid.

44. Plaintiffs have been damaged as the result of Schrader's willful infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

(1)  Enter judgment that Schrader has infringed one or more claims of the '524 patent;

(2)  Award Plaintiffs damages in an amount sufficient to compensate it for Schrader's infringement of the '524 patent, together with pre-judgment and post-judgment interest and costs, and all other damages permitted under 35 U.S.C. § 284;

(3)  Treble the damages awarded to Plaintiffs under 35 U.S.C. § 284 by reason of Schrader's willful infringement of at least one claim of the '524 patent;

(4)  Declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiffs its attorneys' fees, expenses, and costs incurred in this action; and

(5)  Award Plaintiffs such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial on all issues so triable.

Dated: November 10, 2017 **FISH & RICHARDSON P.C.**

By: */s/ Jeremy D. Anderson*
Jeremy D. Anderson (#4515)
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899
(302) 778-8407
janderson@fr.com

OF COUNSEL:

Michael J. Kane
Jason M. Zucchi
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
(612) 335-5070 Telephone
(612) 288-9696 Facsimile
kane@fr.com; zucchi@fr.com

*Attorneys for Plaintiffs*
*Wasica Finance GmbH and*
*BlueArc Finance AG*