# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WASICA FINANCE GMBH and BLUEARC FINANCE AG,<br><br>        Plaintiffs,<br><br>v.<br><br>SCHRADER INTERNATIONAL, INC. et al.,<br><br>        Defendants. | C.A. No. 13-1353-LPS |

Jeremy Douglas Anderson, FISH & RICHARDSON P.C., Wilmington, DE

Michael J. Kane and Jason M. Zucchi, FISH & RICHARDSON P.C., Minneapolis, ME

    Attorneys for Plaintiffs


Mary B. Graham and Jeremy A. Tigan, MORRIS, NICHOLS, ARSHT & TUNNEL LLP, Wilmington, DE

Brian P. Collins and Robert M. Fuhrer, PILLSBURY WINTHROP SHAW PITTMAN LLP, McLean, VA

    Attorneys for Defendants

## MEMORANDUM OPINION

September 20, 2018
Wilmington, Delaware

**STARK, U.S District Judge:**

Plaintiffs Wasica Finance GmbH and BlueArc Finance AG (together, "Wasica") filed suit against Defendant Schrader International, Inc. on July 29, 2013, alleging infringement of U.S. Patent No. 5,602,524 ("the '524 patent"). (D.I. 1) Wasica later joined Defendants Schrader-Bridgeport International, Inc. and Schrader Electronics Limited. (D.I. 6) The case was stayed by agreement during the pendency of *inter partes* review ("IPR") proceedings. (D.I. 20) On November 10, 2017, after the conclusion of the IPR, Wasica filed a Third Amended Complaint ("TAC"). (D.I. 27) On December 8, 2017, Defendants (together, "Schrader") moved to dismiss the TAC for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), based on Schrader's contention that Wasica failed to plausibly allege infringement. (D.I. 28)

For the reasons stated below, the Court will deny Schrader's motion to dismiss.

**I. BACKGROUND**

The '524 patent generally relates to systems for monitoring air pressure in pneumatic tires. Schrader manufactures tire pressure monitoring systems ("TPMS") that include sensors mounted on vehicle wheels ("TPMS/EZ Sensors") and receivers that communicate with these sensors ("TPMS Receivers"). (D.I. 27) Wasica alleges that Schrader induced infringement of the '524 patent by making, using, selling, offering for sale, and importing TPMS/EZ Sensors and TPMS Receivers. (*Id.*)

This suit was filed in 2013 but was subsequently stayed, from March 11, 2014 to November 2, 2017, pending the completion of IPR proceedings. (D.I. 26) The IPR and subsequent Federal Circuit review invalidated claims 1-5 and 9-19, leaving claims 6-8 and 20. (D.I. 25)

In its TAC, Wasica alleges infringement of claim 6 and includes a table of allegedly infringing part numbers. (D.I. 27) Claim 6, which depends from claims 1 and 2, contains the following limitation, on which the pending motion focuses:

> A device for monitoring the air pressure in the air chamber of pneumatic tires fitted on vehicle wheels comprising:
>
> . . . wherein the transmitter comprises an emitter-control device which controls the emittance of the pressure transmitting signal and *a signal-generating device* which generates an identification signal which is unique for the transmitter and clearly identifies same . . . .

(D.I. 27, Ex. A) (emphasis added) Claims 7, 8, and 20 depend from claim 6.

## II. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). A complaint may not be dismissed,

however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

## III. DISCUSSION

Schrader's principal contention is that Wasica's TAC fails to describe how Schrader TPMS sensors include the "signal-generating device" of the asserted claims. (*See* D.I. 29 at 10-14) The parties' briefing makes clear they have a dispute as to the proper construction of this claim term. Schrader's theory is that the signal-generating device must internally generate a unique identifier and, therefore, must be a discrete component of the accused sensor, separate from the component that transmits the identification signal. (D.I. 29 at 10-14) To Schrader,

3

then, the TAC is deficient because it does not plead a discrete signal-generating device. Wasica, by contrast, argues that the signal-generating device need not internally generate a unique identifier (it could, for example, be preloaded with a unique ID), so the TAC plausibly alleges that Schrader sensors include a signal-generating device. (D.I. 31 at 7-10)

The TAC meets Wasica's burden of plausibly alleging infringement. In particular, with respect to the signal-generating device limitation, the TAC alleges: "Schrader's TPMS/EZ Sensors were capable of controlling the emittance of the pressure transmitting signals and generating identification signals that were unique for the TPMS/EZ Sensors and clearly identifying them," and that "Schrader's TPMS/EZ Sensors were capable of transmitting the identification signals at least once before or after emitting the pressure transmitting signals." (D.I. 27 ¶¶ 20-21) Taking these allegations as true, it is reasonable to infer that a sensor that generates and transmits identification signals may include a mechanism to generate these signals.

Review of a motion to dismiss does not present an occasion for the Court to have to engage in early clam construction. Because the Court might ultimately construe the claims as the patentee proposes, and because the theory of infringement alleged in the complaint is plausible if such construction (perhaps among others) is adopted, the patentee has succeeded in stating a claim on which relief may be granted. *See Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337 (Fed. Cir. 2018) (reversing grant of motion to dismiss where patentee had stated plausible claim; plaintiff "is entitled to all inferences in [its] favor on its [infringement] theory" and claim construction dispute was "not suitable for resolution on motion to dismiss");[1] *see also generally*

---

[1] Like the defendant in *Nalco*, 883 F.3d at 1347, Schrader does not "seem to challenge that [Plaintiffs] met the notice requirement of FRCP Rule 8," but instead disputes the merits of Wasica's infringement theory.

4

*Iqbal*, 556 U.S. at 678-79 (stating that claim for relief is plausible when it allows court, using its "experience and common sense," to draw "reasonable inference" of liability).

Therefore, the Court will deny Schrader's motion to dismiss.

## IV. CONCLUSION

An appropriate order follows.