IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WASICA FINANCE GMBH and BLUEARC FINANCE AG,

Plaintiff,

v.

SCHRADER INTERNATIONAL, INC., SCHRADER-BRIDGEPORT INTERNATIONAL, INC., SCHRADER ELECTRONICS LIMITED, and SCHRADER ELECTRONICS INC.,

Defendants.

C.A. No. 13-1353-LPS



REDACTED VERSION

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO EXCLUDE EXPERT OPINIONS RELATING TO DAMAGES**

FISH & RICHARDSON P.C.
Jeremy D. Anderson (#4515)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
(302) 778-8452
janderson@fr.com

Michael J. Kane
William R. Woodford
Jason M. Zucchi
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
(612) 335-5070 Telephone
(612) 288-9696 Facsimile
kane@fr.com; woodford@fr.com;
zucchi@fr.com

*Attorneys for Plaintiffs Wasica Finance GmbH and Bluearc Finance AG*

Dated: October 9, 2019

# TABLE OF CONTENTS

**Page(s)**

I. ARGUMENT ....................1

A. Dr. Meyer Failed to Support Her Opinions on Non-Infringing Alternatives ....................1

B. Dr. Meyer Cannot Establish that the Lear Sublicense is Comparable ....................2

C. Dr. Meyer Failed to Provide the Factual Predicate Necessary to Opine that a License to Only Claim 6 Would Have Been Less Valuable ....................3

II. CONCLUSION ....................4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
694 F.3d 1312 (Fed. Cir. 2012)....................3

*DataQuill Ltd. v. High Tech Computer Corp.*,
887 F. Supp. 2d 999 (S.D. Cal. 2011)....................2

*Grain Processing Corp. v. Am. Maize-Prods. Co.*,
185 F.3d 1341 (Fed. Cir. 1999)....................1

*M2M Sols. LLC v. Enfora, Inc.*,
167 F. Supp. 3d 665 (D. Del. 2016)....................4

*M2MSolutions LLC* v. *Enfora, Inc.*,
2016 WL 908790 (D. Del. Mar. 9, 2016) ....................2

*Oracle Am., Inc. v. Google Inc.*,
2012 WL 850705 (N.D. Cal. 2012) ....................4

*St. Clair Intellectual Prop. Consultants, Inc. v. Acer, Inc.*,
935 F. Supp. 2d 779 (D. Del. 2013)....................2

*TV Interactive Data Corp. v. Sony Corp.*,
929 F. Supp. 2d 1006 (E.D. Cal. 2013)....................3

*Vehicle IP, LLC v. AT & T Mobility LLC*,
227 F. Supp. 3d 319 (D. Del. 2016)....................3

# I. ARGUMENT

## A. Dr. Meyer Failed to Support Her Opinions on Non-Infringing Alternatives.

Defendants have the burden in showing that their alleged NIAs are appropriate. *See Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1353 (Fed. Cir. 1999). When an expert characterizes an NIA as "severely" lowering the royalty rate, those characterizations must be supported by data and empirical evidence. *See id.* (holding "[m]ere speculation or conclusory assertions will not suffice"). Dr. Meyer agrees with this threshold requirement. In her report, she states that "[w]hen considering the availability and financial impact of turning to an NIA, ***the full economic cost*** of relying on that alternative (relative to using the patented invention) should be assessed."[1]

There is no dispute, however, that Dr. Meyer failed to calculate or consider the full economic cost of Defendants' alleged NIA. Even Defendants admit (at 4) that her assertions suffer from a "lack of sufficient empirical evidence." [REDACTED] [2] Defendants acknowledge (at 4) that Dr. Meyer did not conduct a total cost assessment as required by the case law and the standards in her own report. Having failed to perform the analysis required to assess the impact of an alleged NIA, Dr. Meyer's opinions that Defendants would not have paid a substantial royalty "most notably because of the availability of non-infringing alternatives" and that the NIAs "certainly would have severely constrained the amount that Schrader would have been willing to pay" are wholly unreliable.[3]

---

[1] D.I. 132 Ex. 1 ¶ 35 (emphasis added).
[2] D.I. 132 Ex. 1 ¶ 44.
[3] D.I. 132 Ex. 1 ¶ 42-48.

Defendants' attempts to excuse the speculative nature of Dr. Meyer's assertions are unavailing. For example, Defendants cannot fairly characterize Dr. Meyer's assertions as "grounded in fact"—they lack the proper factual basis. They are also not "conservative." They admittedly (and vastly) underestimate the actual cost of the NIA because they fail to include all internal costs or consider the impact of sale price/volume that would have resulted from the sale—which assumes that Defendants could have actually sold such a design.

The *St. Clair* case relied on by Defendants is inapposite. The general rule regarding objections to NIAs assumes that the expert actually conducted the analysis necessary to form a reliable opinion. *See St. Clair Intellectual Prop. Consultants, Inc. v. Acer, Inc*., 935 F. Supp. 2d 779, 781 (D. Del. 2013). Defendants do not (and cannot) cite any cases where a court allowed an expert to provide opinions on the impact of an NIA where the expert had not determined its full economic cost (and admits as much).

**B. Dr. Meyer Cannot Establish that the Lear Sublicense is Comparable.**

To offer license evidence to the jury, an expert must show sufficient comparability. *E.g.*, *DataQuill Ltd. v. High Tech Computer Corp.,* 887 F. Supp. 2d 999, 1024 (S.D. Cal. 2011) (the expert "bears the burden of proving comparability if he wants to rely on the 'significant patent agreements' in performing his reasonable royalty analysis."). The district court must not admit testimony concerning non-comparable licenses. *E.g., M2MSolutions LLC* v. *Enfora, Inc.,* 2016 WL 908790, at *7-9 (D. Del. Mar. 9, 2016) ("The testimony of a damages expert in a patent suit who relies on non-comparable licenses in reaching his royalty rate should be excluded.").

Dr. Meyer has never seen the Lear agreement, much less analyzed its terms. Because the agreement is not available to either party, Defendants have no basis to assert (at 5) that it is similar to the hypothetical negotiation license, it relates to the same technology, or has the same overall royalty rate as the Beru license. Indeed, an SEC filing indicates that the agreement was

part of a joint venture agreement between the parties.[4] Dr. Meyer does not have information to perform the required comparability analysis. Nor can she support her opinions that the Lear agreement "isolated value of the '524 patent"[5] and confirms a [redacted] royalty rate.

Defendants' cases do not support Dr. Meyer's reliance on the Lear agreement. Dr. Meyer has not done the analysis described in *Vehicle IP, LLC v. AT & T Mobility LLC*, 227 F. Supp. 3d 319, 324 (D. Del. 2016). Without the ability to actually read the agreement, Dr. Meyer could not consider whether the license includes other technologies or whether it addresses only jointly-developed products. She could not consider potentially important royalty structure factors. She also could not consider its role in the joint development agreement,[6] making its comparability even more dubious. These shortcomings make Dr. Meyer's reliance on this agreement to isolate the value of the '524 patent improper.

Additionally, despite the characterization by the court in *TV Interactive Data Corp. v. Sony Corp.*, 929 F. Supp. 2d 1006 (E.D. Cal. 2013), *ActiveVideo* does not hold that the comparability of license agreements is a factual issue best addressed on cross-examination.[7] Rather, in that case, the district court did not abuse its discretion in allowing an expert to use a comparable license agreement because no one ever challenged the agreement's admissibility. *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1332-33 (Fed. Cir. 2012).

### C. Dr. Meyer Failed to Provide the Factual Predicate Necessary to Opine that a License to Only Claim 6 Would Have Been Less Valuable.

The terms of the Duduco and Pacific licenses foreclose Dr. Meyer's opinion that the royalty for a hypothetical license to only claim 6 would be lower than the rate in those licenses

---

[4] D.I. 132 Ex. 9 at WASICA0029689.
[5] D.I. 132 Ex. 1 ¶¶ 135-136.
[6] D.I. 132 Ex.9 at WASICA0029689; Ex.4; Ex.5 at 102-103,112-113; Ex.6 at 137-138, 142-145.
[7] D.I. 153 at 6-7.

because they included all claims of the ’524 patent.[8] Both agreements require the full royalty payment even if only claim 6 was valid and infringed—a fact that Defendants do not (and cannot) dispute.[9] This is not a situation where Dr. Meyer’s misreading of the license terms can be brushed aside with the argument that “experts are at liberty to have different opinions,” as Defendants argue at page 9. Nor is it appropriate to have the jury interpret license agreements to decipher the truth because Defendants do not like their terms. The jury evaluates the correctness of facts (which Defendants argued at 9-10). Dr. Meyer’s opinions are unreliable and improper. *M2M Sols. LLC v. Enfora, Inc.*, 167 F. Supp. 3d 665, 676 (D. Del. 2016).

Moreover, Defendants’ cases on the scope of the hypothetical license miss the mark. None of these cases address the determination of a reasonable royalty based on a subset of the patent claims surviving a validity challenge. In fact, other courts have held that limiting damages on a claim-by-claim basis is improper. *Oracle Am., Inc. v. Google Inc.*, 2012 WL 850705, *7 (N.D. Cal. 2012) (finding that “a claim-by-claim apportionment is not required under current patent law” and if “each patent covers only one invention, then each claim represents merely different shades of the same invention and it is reasonable to require—in the hypothetical negotiation—that the infringer license the entire patent”).

## II. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant Plaintiffs’ motion to exclude Dr. Meyer’s unreliable damages opinions.

---

[8] D.I. 132 Ex. 1 ¶¶ 10, 59, 141; *see also* Ex. 3 at 16-20.

[9] D.I. 132 Ex. 8 at WASICA0023095; Ex. 7 at WASICA0019587, -19591.

Dated: October 9, 2019

**FISH & RICHARDSON P.C.**

By: */s/ Jeremy D. Anderson*

Jeremy D. Anderson (#4515)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Telephone: (302) 778-8452
Facsimile: (302) 652-0607
janderson@fr.com

Michael J. Kane
William R. Woodford
Jason M. Zucchi
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696
kane@fr.com; zucchi@fr.com;
woodford@fr.com

*Attorneys for Plaintiff*
*Wasica Finance GmbH and BlueArc Finance AG*

**CERTIFICATE OF SERVICE**

Please take notice that on October 9, 2019, a true and correct copy of the within document was caused to be served by electronic mail on the following attorneys of record.

Jeremy A. Tigan
Morris Nichols Arsht & Tunnell LLP
Chase Manhattan Centre
1201 North Market Street, Suite 1800
Wilmington, DE 19899-1347
jtigan@mnat.com

Bryan P. Collins
Robert M. Fuhrer
Michael Heins
Pillsbury Winthrop Shaw Pittman LLP
1650 Tysons Boulevard, 14th Floor
McLean, VA 22102-4856
Bryan.collins@pillsburylaw.com
Robert.fuhrer@pillsburylaw.com
Michael.heins@pillsburylaw.com

*/s/ Jeremy D. Anderson*
Jeremy D. Anderson