# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WASICA FINANCE GMBH and BLUEARC FINANCE AG, <br><br> Plaintiffs, <br><br> v. <br><br> SCHRADER INTERNATIONAL, INC., SCHRADER-BRIDGEPORT INTERNATIONAL, INC., SCHRADER ELECTRONICS LIMITED, and SCHRADER ELECTRONICS INC., <br><br> Defendants. | C.A. No. 13-1353-LPS |

## MEMORANDUM ORDER

At Wilmington this **31st** day of **January 2020**:

Having reviewed the joint proposed final pretrial order ("PTO") (D.I. 198, 199) submitted by Plaintiffs Wasica Finance GmbH and Bluearc Finance AG (collectively "Plaintiffs") and Defendants Schrader International, Inc., Schrader-Bridgeport International, Inc., Schrader Electronics Limited, and Schrader Electronics Inc. (collectively "Defendants"),

**IT IS HEREBY ORDERED** that:

1. Plaintiffs' motion *in limine* ("MIL") No. 1, to preclude Defendants from offering any evidence or attorney argument regarding German patent litigation between the parties involving a foreign counterpart to U.S. Patent No. 5,602,524 ("the '524 patent") (*see* PTO Ex. 5-A), is GRANTED. Plaintiffs represent that they "do not intend to introduce the evidence that Defendants appear to be worried about" and, moreover, that "Plaintiffs do not plan to use any of the exhibits mentioned by Defendants which refer to the German litigation." (PTO Ex. 5-

A Reply at 1) This representation moots Defendants' concerns about completeness. Further, the Court agrees with Plaintiffs that reference to foreign patent litigation, about a different patent and applying different legal standards, is appropriately excluded pursuant to Federal Rule of Evidence 403 ("Rule 403") as the risks of confusion, waste of time, and unfair prejudice far outweigh whatever minimal probative value such evidence may have.

2. Plaintiffs' MIL No. 2, to preclude Defendants from arguing or introducing evidence or testimony referencing Defendants' (or their corporate witnesses') beliefs concerning the validity of any claim of the '524 patent (*see* PTO Ex. 5-B), is GRANTED. Plaintiffs have dropped their willful infringement claims and any purported good faith belief of invalidity is not a defense to Plaintiffs' remaining claims of indirect infringement. *See Commil USA, LLC v. Cisco Sys., Inc.*, 135 S.Ct. 1920, 1927 (2015). As with Plaintiffs' MIL No. 2, here again Defendants' concerns about completeness are moot. Moreover, even with respect to Defendants' patent exhaustion contentions, whatever minimal probative value there may be to Defendants' beliefs about validity is far outweighed by the risk of jury confusion, waste of time, and unfair prejudice, warranting exclusion of such evidence pursuant to Rule 403.

3. Defendants' MIL No. 1, to preclude Plaintiffs from asserting any doctrine of equivalents ("DOE") infringement claims at trial (*see* PTO Ex. 6), is DENIED. Defendants' motion is essentially a motion for summary judgment, which is not a proper basis for a MIL. *See generally Bradley v. Pittsburgh Bd. of Ed.*, 913 F.2d 1064, 1069 (3d Cir. 1990) (stating that motions *in limine* are intended to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions"); *Johns Hopkins Univ. v. Alcon Labs. Inc.*, 2018 WL 4178159, at *21 (D. Del. Aug. 30, 2018) ("A motion in limine is not the proper vehicle by which to eliminate issues from a case."). Defendants are free to move for judgment as a matter of law at

the appropriate time during trial should they believe that Plaintiffs fail to present sufficient evidence to sustain a verdict of infringement under the DOE. Defendants may also move post-trial for judgment as a matter of law based on prosecution history estoppel – a question of law the Court is not prepared to decide based on the limited briefing permitted for a MIL – and/or waiver.

4. The parties' request for a total of 25 hours for their trial presentations, to be split evenly, is DENIED. Having considered the scope and substance of the issues to be presented to the jury – which consist of allegations of indirect infringement of a single patent claim, damages, and patent exhaustion, and do not include any issues of validity, willfulness, or multiple patents – as well as the nature of the technology (tire pressure monitoring systems installed on motor vehicles) and the proposed witness and exhibit lists, the Court finds that each side can fully and fairly present its case in a total of no more than 22 hours. Therefore, each side is allocated 11 hours for its trial presentation.

5. Given the Court's other commitments, trial will be held at some or all of the following times, subject to the parties' time limits:

    a. Monday, Feb. 10: 8:30 a.m. to 4:30 p.m.

    b. Tuesday, Feb. 11: 8:30 a.m. to 4:00 p.m.

    c. Wednesday, Feb. 12: 8:30 a.m. to 3:00 p.m.

    d. Thursday, Feb. 13: 8:30 a.m. to 5:00 p.m.

    e. Friday, Feb. 14: 8:30 a.m. to 5:00 p.m.

6. The parties shall be prepared to discuss at the pretrial conference ("PTC") later today the remaining disputed issues in the PTO, including: (1) whether Defendants will be permitted to present a rebuttal on their licensing/exhaustion defense, (2) whether the Court

should strike witnesses Skarupa and Haibeck, and (3) what, if any, use of the Court's claim construction opinion (as opposed to the order) will be permitted. (*See* PTO at 35-36)

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE