**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WASICA FINANCE GMBH and BLUEARC FINANCE AG, | : <br> : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | :     C.A. No. 13-1353-LPS <br> : |
| SCHRADER INTERNATIONAL, INC., SCHRADER-BRIDGEPORT INTERNATIONAL, INC., SCHRADER ELECTRONICS LIMITED, and SCHRADER ELECTRONICS INC., | : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

## PRELIMINARY JURY INSTRUCTIONS

**INTRODUCTION**

Members of the jury: Now that you have been sworn in, I am going to give you some preliminary instructions for guidance on your role as jurors in this case.

These instructions are intended to introduce you to the case and the law that you will apply to the evidence that you will hear. I will give you more detailed instructions on the law at the end of the trial. Also, because this is a patent trial which will deal with subject matter that is not within the everyday experience of most of us, I will additionally give you some preliminary instructions regarding patents to assist you in discharging your duties as jurors.

I expect that your commitment as jurors will last approximately 5 business days, through Friday, February 14.

**THE PARTIES AND THEIR CONTENTIONS**

This is a patent case. The plaintiffs in this case are Wasica Finance GmbH and BlueArc Finance AG, which I will refer to collectively as "Wasica" or "Plaintiffs." The defendants in this case are Schrader-Bridgeport International, Inc., Schrader Electronics Limited, and Schrader Electronics Inc., which I will refer to collectively as "Schrader" or "Defendants."

There is one patent at issue in this case: United States Patent No. 5,602,524, which may be referred to as "the patent-in-suit" or "the asserted patent." Because patent numbers are so long, they are usually referred to by their last three digits. So you may hear me, the lawyers, and witnesses refer to U.S. Patent No. 5,602,524 as "the '524 patent." Plaintiffs are the owners of the '524 patent. A copy of this patent has been given to you. During the trial, the parties will offer testimony and evidence to familiarize you with the pertinent technology.

Plaintiffs allege that Schrader has infringed claim 6 of the '524 patent. Plaintiffs seek damages – that is, monetary compensation – for any infringement by Schrader. Defendants deny that they indirectly infringed the '524 patent and deny that Plaintiffs are entitled to damages. Defendants also deny any underlying direct infringement by car manufacturers, drivers, or others. Defendants further allege Plaintiffs' rights to enforce the '524 patent against certain Schrader accused products have been exhausted.

I will give you further instructions on how to decide these issues before you deliberate. When you deliberate, you will also have a verdict sheet, which will clearly indicate what you are being asked to decide.

**DUTIES OF THE JURY**

I will now turn to the general rules that will govern the discharge of your duties as jurors in this case.

It will be your duty to find what the facts are from the evidence as presented at the trial. You and you alone will be the judges of the facts. You will have to apply those facts to the law as I will instruct you at the close of the evidence. You must follow that law whether you agree with it or not.

In addition to instructing you about the law, at the close of the evidence, I will provide you with instructions as to what the claims of the patent mean. You are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally disagree with them. All the instructions are important, and you should consider them together as a whole.

You are the judges of the facts. I will decide which rules of law apply to this case.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Also, do not let anything I say or do during the course of the trial influence you. Nothing I say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

**EVIDENCE**

The evidence from which you will find the facts will consist of the testimony of witnesses, and the documents and other things admitted into evidence. You are the sole judges of each witness's credibility. The evidence may also include certain facts agreed to by the parties or that I may instruct you to find.

Certain things are not evidence and must not be considered by you.

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered are not admissible under the rules of evidence. You should not be influenced by a lawyer's objection or

by my ruling on the objection. If I sustain or uphold the objection and find the matter is not admissible, you should ignore the question or document. If I overrule an objection and allow the matter in evidence, you should treat the testimony or document like any evidence. If I instruct you during the trial that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only. If this occurs during the trial, I will try to clarify this for you at that time.

      3.      Testimony that the Court has excluded or told you to disregard is not evidence and must be considered.

      4.      During trial you will be shown charts and animations to help illustrate the testimony of the witnesses. These illustrative exhibits, called "demonstrative exhibits," are not admitted into evidence and should not be considered as evidence.

      5.      Anything you see or hear outside the Courtroom is not evidence and must be disregarded. You are to decide this case solely on the evidence presented here in the Courtroom.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. If someone walked into the Courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining outside.

As a general rule, the law makes no distinction between these two types of evidence, but simply requires that you find facts from all the evidence in the case, whether direct or

circumstantial or a combination of the two.  In judging the facts, it will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.

### EXPERT TESTIMONY

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business.  This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.  When knowledge or technical subject matter may be helpful to the jury, an expert is permitted to state an opinion on those technical matters.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness.  Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.  You are free to accept or reject the testimony of experts, just as with any other witness.

### BURDEN OF PROOF

In any legal action, facts must be proven by a required standard of evidence, known as the "burden of proof."  In this patent case, only one burden of proof is relevant.  It is called "preponderance of the evidence."  A preponderance of evidence is evidence that, when considered in light of all of the facts, leads you to believe that what that party claims is more likely true than not.  To put it differently, if you were to put the parties' evidence on opposite sides of a scale, the evidence supporting the claims of the party with the burden of proof must make the scales tip somewhat toward its side.

Wasica, as the party asserting patent infringement, has the burden of proving infringement by a preponderance of the evidence. Wasica must prove all of the elements of its patent infringement claims by a preponderance of the evidence.

Wasica also contends that it is entitled to damages related to infringement of the '524 patent, in the form of a reasonable royalty. Wasica must prove the amount of damages it seeks by a preponderance of the evidence.

Schrader contends that Wasica's rights to enforce the '524 patent against certain Schrader accused products have been exhausted. A party asserting the defense of patent exhaustion has the burden of proving exhaustion by a preponderance of the evidence.

Some of you may have heard the phrase "proof beyond a reasonable doubt." That burden of proof applies only in criminal cases and has nothing to do with a civil case like this one. You should therefore not consider it in this case.

**PATENT VIDEO**

Because this case involves patents, I will now give you some background about patents. I am going to do that by playing for you a short video which was prepared by the government, not by the parties. This video is an introduction to the patent system. It contains background information to help you understand what patents are, why they are needed, the role of the Patent Office, and why disputes over patents arise.

The video references a sample patent that you will find in your Notebooks. Also, many of the terms that are used in the video are contained in a Glossary of Patent Terms in your Notebooks. Please feel free to refer to this Glossary throughout the trial.

One of the issues you will hear about in the video is patent validity. In some trials, jurors are asked to decide whether a patent is invalid. In this case, you are not being asked to determine whether any patent or patent claim is invalid.

[Video will be played.]

**SUMMARY OF THE PATENT ISSUES**

In this case, you must decide things according to the instructions I will give you at the end of the trial. Those instructions will repeat this summary and will provide more detail.

You must decide:

1. Whether Plaintiffs have proven by a preponderance of the evidence that others have directly infringed claim 6 of the '524 patent.

2. Whether Plaintiffs have proven by a preponderance of the evidence that Schrader induced infringement of claim 6 of the '524 patent.

3. Whether Plaintiffs have proven by a preponderance of the evidence that Schrader contributed to the infringement of claim 6 of the '524 patent.

4. Whether Schrader has proven by a preponderance of the evidence that Plaintiffs' rights to enforce the '524 patent against certain Schrader accused products have been exhausted.

5. If you find that Schrader infringed claim 6, then you must determine the amount of money damages to be awarded to Wasica. Wasica has the burden to establish the amount of its damages by a preponderance of the evidence.

**CONDUCT OF THE JURY**

Now a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case. If any lawyer, party, or

witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you, nor you with them.  In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided.  If anyone should try to talk to you about it, bring the case to the court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.  By that I mean, if there may be a newspaper or Internet article or radio or television report relating to this case, do not read the article or watch or listen to the report.

Third, do not try to do any research or make any investigation about the case on your own.

Let me elaborate.  During the course of the trial, you must not conduct any independent research about the case, the matters in the case, and the individuals or entities involved in the case.  In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, or any other electronic means.  Also, again, should there happen to be a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report.  It is important that you decide this case based solely on the evidence presented in the Courtroom.  Please do not try to find out information from any other sources.

I know that many of you use cell phones, iPhones, the Internet, and other tools of technology.  You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case.  This includes your family and friends.  You may not communicate with anyone about the case on your cell phone, through e-mail, your iPhone or, text messaging, on Twitter, Snapchat, or WhatsApp, through any blog or website, through any

8

Internet chat room, or by way of any other social networking websites, including Facebook, Instagram, LinkedIn, or YouTube.

Finally, do not form any opinion until all the evidence is in.  Keep an open mind until you start your deliberations at the end of the case.

During the trial, you may, but are not required to, take notes regarding testimony; for example, exhibit numbers, impressions of witnesses, or other things related to the proceedings. The parties have provided you with notebooks for this purpose.  These notebooks also include a copy of the sample patent shown in the patent video we just watched, a copy of the '524 patent, and will include photographs of the witnesses to assist you.

A word of caution is in order.  There is generally, I think a tendency to attach undue importance to matters which one has written down.  Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented.  Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial.  Also, keep in mind that you will not have a transcript of the testimony to review.  So, above all, your memory will be your greatest asset when it comes time to deliberate and render a decision in this case.  If you do take notes, you must leave them in the jury deliberation room which is secured at the end of each day.  At the conclusion of this trial, your notes will be collected and destroyed without review.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

**SIDEBARS**

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference, which is also called a sidebar. If that happens, please be patient. We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. If you would like to stand or stretch or walk around the jury box while we are at sidebar, you should feel free to do so.

I may not always grant an attorney's request for a sidebar. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**COURSE OF THE TRIAL**

After I finish reading these instructions, the case will begin.

First, Wasica will make an opening statement outlining its case. Then Schrader will make an opening statement outlining its case. Opening statements are not evidence; their only purpose is to help you understand what the evidence will be.

Next, the parties will present their evidence. Wasica will first introduce its evidence that that it believes supports its claim of infringement and damages. When Wasica is finished, Schrader will have the opportunity to offer evidence to defend against Wasica's infringement claim and damages claim, and to introduce evidence that it believes supports its claim that Wasica's rights to enforce the '524 patent against certain Schrader accused products have been exhausted. When Schrader is finished, Wasica will have the opportunity to introduce evidence to defend against Schrader's patent exhaustion claim and offer rebuttal evidence related to Wasica's

own claims.  Schrader will then have the opportunity to offer rebuttal evidence related to its patent exhaustion defense.

After all of the evidence is in, the lawyers will offer closing arguments.  The closing arguments are not evidence.  Their purpose is to summarize and interpret the evidence for you, and to tie the evidence to their story.  I will then give you instructions on the law and describe for you the matters you must resolve.  You will then retire to the jury room to deliberate on your verdict.

**TRIAL SCHEDULE**

Earlier, I told you about the trial schedule.  I want to now provide you more detail.

As I mentioned previously, this case is expected to take up to 5 business days to try, between now and Friday, February 14.  We will normally begin the day at 9:00 A.M.  There will be a morning break and an afternoon break, each of 15 minutes.  There will also be a half-hour lunch break.  Trial will end no later than 5:00 P.M. each day.

What I have just outlined is the general schedule.  It is possible there will be some interruptions as I have to attend to other matters.  I already know some other commitments I have, so can tell you now that some of our days together will end earlier than 5:00 P.M.  I'll list these specifics for you now:

- Monday, February 10            9:00 A.M. to 4:30 P.M.
- Tuesday, February 11           9:00 A.M. to 4:00 P.M.
- Wednesday, February 12         9:00 A.M. to 3:00 P.M.
- Thursday, February 13          9:00 A.M. to 5:00 P.M.
- Friday, February 14            9:00 A.M. to 5:00 P.M.

The only significant exception to this schedule may occur when the case is submitted to you for deliberations. At that point, you will be permitted to deliberate as late as you wish.

Also, please understand that this is a timed trial. That means I have allocated each party a maximum number of hours in which to present all portions of its case. This allows me to assure you that we expect to be completed with this case by Friday, February 14.

Of course, you can help me keep on schedule by being here promptly each morning and being ready to proceed at the end of each break.

One final word. I told you when I intend to take breaks and how often I aim to take breaks, but if any of you need an additional break at any time, that is fine. You just need to get my attention or my assistant's attention. That can be done usually by waving or raising a hand or, if need be, standing. So if you need a break for any reason at any other times, please just get our attention.

## GLOSSARY OF PATENT TERMS

*Applicants*:  The names inventors who are applying for the patent or the assignee of the patent application.

*Assignment*:  Transfer of ownership rights in a patent or patent application from one person or company to another.

*Claims*:  The part of a patent which defines the metes and bounds of the invention.  The words of the claims define the scope of the patent owner's or exclusive licensee's exclusive rights during the life of the patent.  The claims are found at the end of the patent specification in the form of numbered paragraphs.

*Embodiment*:  An example of the claimed invention.

*File wrapper/File History/Prosecution History*:  The written record of proceedings in the United States Patent and Trademark Office ("Patent Office" or "PTO"), including the original patent application and subsequent communications between the applicant and the Patent Office.

*Filing Date*:  Date a patent application, with all the required sections, has been submitted to the Patent Office.

*License*:  Permission to use the patented invention(s), which may be granted by a patent owner (or a prior licensee) in exchange for a fee called a "royalty" or other compensation.

*Limitation*:  A required part of an invention set forth in a patent claim.  A limitation is a requirement of the invention.  The word "limitation" is often used interchangeably with the word "requirement."  The phrase "claim limitation" is often used interchangeably with the phrase "claim element."

*Patent Application*:  The papers filed in the Patent Office by an applicant.  These typically include a specification, drawings, and the oath (Declaration) of applicant.

*Patent Examiners*:  Personnel employed by the Patent Office having expertise in various technical areas who review (examine) patent applications to determine whether the claims of a patent application are patentable and the disclosure adequately describes the invention.

*Prior Art*:  Any information which is used to describe public, technical knowledge prior to the invention by the applicant or more than a year prior to his/her application.

*References*:  Any item of prior art (publication or patent) used to determine patentability.

*Royalty*:  A royalty is a payment made to the owner or exclusive licensee of a patent by a nonowner in exchange for rights to make, use, sell, offer to sell, or import the claimed invention,

*Specification*:  That part of the patent application or patent that describes the invention and concludes with one or more claims.